UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-cv-00159-WBS-HBK |
| Petitioner, | ORDER GRANTING IRS PETITION TO ENFORCE SUMMONS[1] |
| v. | (Doc. No. 1) |
| ARMANDO RIOS, | NOVEMBER 4, 2024 DEADLINE |
| Respondent. | |

Pending before the Court is the United States of America's Petition to Enforce Internal Revenue Service ("IRS") Summons filed on February 2, 2024. (Doc. No. 1, "Petition"). On August 5, 2024, the Court held a show cause hearing. (Doc. No. 13). Assistant United States Attorney Robert Anthony Fuentes appeared on behalf of Petitioner. Respondent Armando Rios appeared pro se. As more fully set forth below, the Court grants the Petition and direct Respondent to comply with IRS summons **no later than November 4, 2024.**

**BACKGROUND**

Pursuant to 26 U.S.C. § 7602, Petitioner seeks an order enforcing an IRS summons that was served on Respondent Rios. (Doc. No. 1). According to the Petition and the attached Declaration, the IRS is

---

[1] The Court enters this Order pursuant to 26 U.S.C. § 7604(b) and Local Rule 302(c)(9).

investigating Respondent Rios concerning tax liability for federal income periods ending December 31, 2003, through December 31, 2011. (Doc. No. 1-1, ¶3). On January 21, 2022, Revenue Officer Nirlaip K. Pandher issued an IRS summons directing Rios to appear on February 18, 2022, at the IRS's office in Fresno, California and produce for examination books, records, papers, and other data described in Exhibit A to the summons related to the investigation. (Doc. No. 1-1, ¶4, *see also* Exhibit A and Attachment 1 to Summons Form 6637 at Doc. No. 1-1 at p. 4-6). On January 24, 2022, Revenue Officer Pandher left an attested copy of the summons at the last and usual place of abode for Respondent Rios—1957 E. Park Way, Dinuba, CA 93618—by handing it to Respondent Rios' father, Farias Rios, who is over the age of 18.[2] (Doc. No. 1-1 at 5). Respondent Rios did not appear on February 18, 2022, or otherwise respond to the summons. (Doc. No. 1-1, ¶6). On April 20, 2022, the IRS Office of Chief Counsel mailed a "last chance letter" to Respondent Rios directing him to contact Revenue Officer Pandher on May 5, 2022 by telephone and produce the books, records, papers, and other data described in Exhibit A to the summons. (Doc. No. 1-1, ¶7). Respondent Rios did not respond to the April 20, 2022, Last Chance letter. (Doc. No. 1-1, ¶8).

On February 2, 2024, the instant Petition was filed. On February 16, 2024, this Court issued an Order directing Respondent Rios to show cause at a hearing scheduled for April 11, 2024 why he should not be compelled to obey the IRS summons issued on January 21, 2022. (Doc. No. 6). On March 26, 2024, the Court issued an Order continuing the show cause hearing to June 11, 2024. (Doc. No. 9). On April 10, 2022, a certificate of service was filed certifying service of the show cause Order upon Respondent Rios on April 5, 2024. (Doc. No. 11). Specifically, a copy of the show cause Order was delivered to a competent member of the household (at least 18 years of age) at the last and usual place of abode for Respondent Rios. (Doc. No. 11 at 2). The "John Doe-father" upon whom substituted service was made is described as a 70-year-old Hispanic male, weighing 180 pounds and 5.8 in height. (*Id*.). Although Respondent Rios failed to appear personally at the June 11, 2024 show cause hearing, "courtesy

---

[2] Under the Federal Rules of Civil Procedure, service is accomplished by: (A) "delivering a copy of the summons and of the complaint to the individual personally;" (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

counsel" appeared on his behalf who requested a continuance, which the Court granted to August 5, 2024. (Doc. No. 12).  Respondent Rios appeared pro se at the continued August 5, 2024 show cause hearing.

## LEGAL STANDARDS

Pursuant to 26 U.S.C. § 7602, the IRS has the authority to issue summonses to investigate tax returns, tax liabilities, and the collection of any tax liabilities.  Enforcement of IRS summonses is governed by 26 U.S.C. § 7604, which states, in pertinent part:

> Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States magistrate judge for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or magistrate judge to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States magistrate judge shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

26 U.S.C. § 7604(b).  Jurisdiction of this Court to enforce summonses is provided under 26 U.S.C. § 7402(b).  In issuing an IRS summons:

> ...the [government] need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired.  He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed....

*U.S. v. Powell*, 379 U.S. 48, 57-58 (1964).   "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *U.S. v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993) (citing *U.S. v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990); *Liberty Financial Servs. v. U.S.*, 778 F.2d 1390, 1392 (9th Cir. 1985)).  "Once the prima facie case is made, a 'heavy' burden falls upon the taxpayer to show an abuse of process ... or lack of institutional good faith."  *Id*.  "The burden [on the government] is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Crystal v. U.S.*, 172 F.3d 1141, 1144 (9th Cir. 1999) (quoting *Liberty Fin. Servs*., 778 F.2d at 1392).

////

**DISCUSSION**

Revenue Officer Pandher is authorized to issue the summons at issue and all the requisite administrative steps required by the Internal Revenue Code for issuance and service of the summons have been taken. Revenue Officer Pandher attests that the purpose of the investigation is for collection information for federal income tax for the years ending December 31, 2003, through December 31, 2011, and the documents and papers sought in the summons is not already in the possession of the IRS and is necessary to secure collection information for federal income tax for the years ending December 31, 2003, through December 31, 2011. The Court finds Petitioner has made a prima facie showing that the requirements of legitimate purpose and relevance has been met satisfying the *Powell* requirements.

Respondent Rios does not contend that information and documents requested in the summons are not relevant. He further acknowledged at the show cause hearing that service of the summons was made at his "dwelling or usual place of abode." Respondent Rios admitted that he did not contact the Revenue Officer Pandher, did not appear on February 18, 2022 at the IRS Office in Fresno, and to date has not complied with the IRS summons. Respondent Rios has not met his burden to show an abuse of process or a lack of institutional good faith. *Dynavac, Inc.*, 6 F.3d at 1414.

According, it is hereby **ORDERED**:

1. Petitioner's Petition to Enforce Internal Revenue Summons (Doc. No. 1) is GRANTED.

2. Respondent shall obey the IRS summons, and every requirement thereof, and is ordered to attend, provide testimony, and produce books, records, papers, and other data required and called for by the terms of the summons, before Revenue Officer Pandher or any other proper officer or employee of the IRS **on or before November 4, 2024**.

3. Respondent's failure to comply with this order may subject Respondent to contempt proceedings.

Dated:   August 6, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE