UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Petitioner,<br><br>    v.<br><br>ARMANDO RIOS,<br><br>            Respondent. | Case No.  1:24-cv-00159-TLN-HBK<br><br>CERTIFICATION OF FACTS AND FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION AND HOLD RESPONDENT RIOS IN CONTEMPT[1]<br><br>(Doc. No. 17)<br><br>SHOW CAUSE HEARING: MAY 1, 2025 |

This matter is before the Court on the United States of America's Motion to Hold Respondent in Contempt, filed on January 10, 2025. (Doc. No. 17, "Motion"). Petitioner moves for an order finding Respondent Armando Rios in civil contempt for his failure to comply with this Court's August 7, 2024 Order. (*Id.*). The August 7, 2024 Order required Respondent Rios to comply with the Internal Revenue Service ("IRS") summons issued on January 21, 2022. (Doc. No. 14). Respondent Rios, who is appearing pro se, failed to oppose the Motion or to appear at the February 14, 2025 hearing on the Motion. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies facts to the district court in support of the finding that further contempt proceedings are warranted and recommends that the district court GRANT the Motion.

////

---

[1] This case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(9).

# I. BACKGROUND

The IRS is investigating Respondent Rios concerning his alleged tax liabilities, including interest and penalties totaling approximately $3,814,494.55. (Doc. No. 17-2, ¶¶ 6, 8). On January 21, 2022, Revenue Officer Nirlaip K. Pandher issued an IRS summons, pursuant to 26 U.S.C. § 7602, directing Respondent Rios to appear on February 18, 2022, at the IRS office in Fresno, California, and produce books, records, papers, and other data described in Exhibit A to the summons related to the investigation. (Doc. No. 1-1, ¶4; *see also id*. Ex. A, at 3-6). On January 24, 2022, Revenue Officer Pandher left an attested copy of the summons at the last and usual place of abode for Respondent Rios—1957 E. Park Way, Dinuba, CA 93618—by handing it to Respondent Rios' father, Farias Rios.[2] (*Id*. Ex. A, at 5). Respondent Rios did not appear on February 18, 2022, or otherwise respond to the summons. (*Id*., ¶6). On April 20, 2022, the IRS Office of Chief Counsel mailed a "last chance letter" to Respondent Rios, directing him to contact Revenue Officer Pandher on May 5, 2022 by telephone and produce the documents and other information described in Exhibit A to the summons. (*Id*., ¶7). Respondent Rios did not respond to the April 20, 2022, "last chance letter." (*Id*., ¶8).

On February 2, 2024, Petitioner filed a petition seeking an order to enforce the IRS summons. (Doc. No. 1). On February 16, 2024, this Court issued an Order directing Respondent Rios to show cause at a hearing scheduled for April 11, 2024 why he should not be compelled to obey the IRS summons issued on January 21, 2022. (Doc. No. 6). On March 26, 2024, this Court issued an Order continuing the show cause hearing to June 11, 2024. (Doc. No. 9). On April 10, 2024, a certificate of service was filed certifying service of the show cause Order upon Respondent Rios on April 5, 2024. (Doc. No. 11). Specifically, a copy of the show cause Order was delivered to a competent member of

---

[2] Title 26 of the United States Code, Section 7603, provides that service of a summons issued under Section 7602 shall be made "by an attested copy delivered in hand to the person to whom it is directed, *or left at his last and usual place of abode*." 26 U.S.C. § 7603(a) (emphasis added). "Substantial compliance with [Section] 7603(a) is sufficient if the IRS acted in good faith and the taxpayer is not prejudiced, such as when the parties received actual notice." *United States v. Wen-Bing Soong*, 650 F. App'x 425, 429 (9th Cir. 2016) (holding "[the taxpayers] were not prejudiced by any alleged defect in the service of the summonses under [Section] 7603 because they received actual notice of the summonses, the government acted in good faith, and the district court provided them an opportunity to respond on the merits."). Furthermore, under the Federal Rules of Civil Procedure, an individual may be served by "leaving a copy [of the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

the household[3] at the dwelling and usual place of abode for Respondent Rios.  (Doc. No. 11 at 2).  Although Respondent Rios failed to appear personally at the June 11, 2024 show cause hearing, "courtesy counsel" appeared on his behalf and requested a continuance, which the Court granted to allow Respondent Rios to retain counsel.  (*See* Minutes from June 11, 2024 Show Cause Hearing, Doc. No. 12).  At the continued August 5, 2024 show cause hearing, Respondent Rios appeared pro se and verified his address as stated in the record.  (*See* Minutes from August 5, 2024 Show Cause Hearing, Doc. No. 13).  Respondent did not deny receipt of the summons nor provide a basis for his failure to comply, but requested ninety (90) days to comply with the summons. (*Id*.).   At the hearing, the Court orally granted the petition and advised Respondent the Court would afford him the ninety (90) days from the hearing that he requested to comply with the summons.  (*Id*.).

On August 7, 2024, the undersigned issued a written order granting Petitioner's petition to enforce the IRS summons, finding that Petitioner complied with the requisite administrative steps under the Internal Revenue Code for the issuance and service of the IRS summons and satisfied the applicable requirements under *United States v. Powell*, 379 U.S. 48 (1964).  (Doc. No. 14).  The August 7, 2024 Order directed Respondent Rios to "obey the IRS summons, and every requirement thereof, and . . . provide testimony, and produce books, records, papers, and other data required and called for by the terms of the summons . . . on or before November 4, 2024."  (*Id*. at 4).  The Court warned Respondent Rios that "failure to comply with [the August 7, 2024 Order] may subject [him] to contempt proceedings." (*Id.*).

On October 3, 2024 and December 13, 2024, counsel for Petitioner, Assistant United States Attorney Robert Anthony Fuentes, spoke with Respondent Rios by telephone.  (Doc. No. 17-1, ¶¶ 4-5.)  During the October 3, 2024 conversation, Respondent Rios stated that he was seeking an attorney and requested additional time to respond to the IRS summons.  (*Id*., ¶ 4).  Assistant United States Attorney Fuentes informed Respondent Rios that he would not pursue court intervention before December 13, 2024.  (*Id*.).  During the December 13, 2024 conversation, Respondent Rios stated that he had a meeting scheduled with an attorney and once again requested additional time to comply with the IRS summons.

---

[3] The "John Doe-father" upon whom service was made is described as a 70-year-old Hispanic male, weighing 180 pounds and 5.8 in height.  (Doc. No. 11 at 2).

3

(*Id*., ¶ 5).[4] Assistant United States Attorney Fuentes notified Respondent Rios that Petitioner planned to file a motion to hold him in contempt due to, *inter alia*, Respondent Rios's failure to comply with the Court's August 7, 2024 Order. (*Id*.). That same day, Petitioner filed a Status Report advising the Court that Respondent Rios failed to comply with the August 7, 2024 Order or the terms of the IRS summons. (Doc. No. 16).

On January 10, 2025, the instant Motion was filed. (Doc. No. 17). On February 14, 2025, the Court held a hearing on the Motion. (*See* Minutes from February 14, 2025 Motion Hearing, Doc. No. 18). Assistant United States Attorney Fuentes appeared on behalf of Petitioner and confirmed that Respondent Rios was properly served with the Motion and notice of the February 14, 2025 hearing. (*See id.*; *see also* Doc. No. 17 at 6). Respondent Rios failed to appear at the February 14, 2025 hearing or otherwise respond to the Motion. (*See generally* docket; *see also* Minutes from February 14, 2025 Motion Hearing, Doc. No. 18). To date, Respondent Rios has failed to comply with the August 7, 2024 Order or any of the IRS summons' requirements. (*See generally* docket; *see also* Doc. No. 17-2, ¶¶ 10-11).

## II.   APPLICABLE LAW

### A. Jurisdiction

The Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(a)-(b), 7604(a)-(b), and 28 U.S.C. §§ 1340, 1345. The Court has the inherent power to impose sanctions for contempt to provide a fair, effective, and orderly judicial process. *See United States v. Asay,* 614 F.2d 655, 658–59 (9th Cir. 1980); *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

---

[4] While "courtesy counsel" made a limited appearance requesting a continuance for Respondent to obtain counsel, Respondent Rios then appeared at the continued hearing without counsel. Respondent Rios did not file a motion for court-appointed counsel nor claim that he has been unable to locate an attorney to represent him. Here, "it is painfully obvious that Respondent's failure to obtain counsel is the product of either his own neglect or his deliberate design to 'manipulate his right to counsel to undermine the orderly procedure of the courts [and] subvert the administration of justice.'" *United States v. Standifird*, 2006 WL 3201027, at *4 (D. Ariz. Nov. 3, 2006) (quoting *United States v. Thibodeaux*, 758 F.2d 199, 201 (7th Cir.1985)). Thus, Respondent Rios's failure to obtain counsel within a reasonable time should not shield him from a civil contempt sanction. *See, e.g., id.* (explaining that the right to counsel did not apply in the civil contempt proceeding when the respondent failed to demonstrate his financial eligibility for court-appointed counsel and his failure to obtain counsel was clearly the product of either his own neglect or design).

**B. Civil Contempt**

Petitioner seeks a judgment of civil contempt against Respondent. (*See generally* Doc. No. 17). "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). To find a party in civil contempt, the moving party has the burden to show "(1) that [respondent] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir.2009) (internal quotation marks and citation omitted). "The burden then shifts to the contemnor[ ] to demonstrate why [he was] unable to comply." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

A defense to civil contempt includes substantial compliance with the order, which is defined as having taken all reasonable steps to comply with the court order. *Balla v. Idaho State Board of Corrections,* 869 F. 2d 461, 466 (9th Cir. 1989). However, a respondent may not assert error in the order with which he failed to comply at the contempt proceeding stage. *United States v. Rylander,* 460 U.S. 752, 756–57 (1983). This is because the proceeding to enforce the summons was an adversary proceeding in which the respondent had the opportunity to contest the summons on any appropriate ground, including lack of possession or control, thus such issues may not be raised for the first time in a contempt proceeding.[5] *Id.* at 757.

If a party is found to be in civil contempt, "a court may impose civil contempt sanctions to [ ] compel or coerce obedience to a court order." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). To coerce a contemnor's compliance, "a court may issue a number of civil contempt sanctions, including a per diem fine, compensatory fines, and coercive confinement." *United States v. Jordan*, 2014 WL 12839159, at *2 (D. Ariz. Mar. 24, 2014) (first citing *United States v. Ayers*, 166 F.3d 991, 995 (9th Cir. 1999) and then citing *S.E.C. v.*

---

[5] Indeed, at no point did Respondent Rios object to the IRS summons, assert that the documents or testimony requested were privileged, claim that the documents requested did not exist, or otherwise seek relief from compliance with the August 7, 2024 Order.

5

*Elmas Trading Corp.*, 824 F.2d 732 (9th Cir. 1987)).  Civil contempt is by its nature a means of inducing compliance with a court order, and punishment is conditioned upon the contemnor's continuing noncompliance and is limited to imprisonment until the contemnor complies with the order or trial ends. United States v. Powers, 629 F.2d 619, 627 (9th Cir. 1980).  Generally, the district court must impose the "minimum sanction necessary to secure compliance," but it "retains discretion to establish appropriate sanctions." *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010).  "[C]ivil sanctions may be imposed so long as the court provides adequate notice and an opportunity to be heard." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).  Furthermore, "[g]iven the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged." *Bright*, 596 F.3d at 696.

**C. Magistrate Judge Authority**

Absent consent by the parties, magistrate judges lack authority over civil contempt proceedings except in limited circumstances, none of which are applicable here. *See* 28 U.S.C. § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996).  A magistrate judge may only investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge.  28 U.S.C. § 636(e)(6); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).  Specifically, upon finding an act constituting a civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see also Grimes v. City & Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (noting that Section 636 "requires a magistrate [judge] to refer contempt charges to a district court judge.").  "Essentially, the magistrate judge's role is to determine whether the movant has established a prima facie case of contempt – i.e., whether the movant has shown by clear and convincing evidence that the party or nonparty has violated a court order." *Delorme v. Big Think Cap., Inc.*, 2023

6

WL 8125766, at *3 (C.D. Cal. Oct. 18, 2023).

### III.   CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the following facts to the district judge assigned to this matter:

(1) On August 7, 2024, the Court entered an Order directing Respondent Rios to comply with the terms of the IRS summons by November 4, 2024 after finding that Petitioner complied with the requisite administrative steps under the Internal Revenue Code for the issuance and service of the IRS summons and satisfied the applicable requirements under *United States v. Powell*, 379 U.S. 48 (1964). (Doc. No. 14). The Court expressly advised Respondent that noncompliance with the August 7, 2024 Order may result in contempt proceedings (*Id*. at 4, ¶3);

(2) The August 7, 2024 Order, which compelled Respondent's compliance with the summons, was in existence and specific. The terms of the summons were not in dispute. The Order required Respondent to appear before Revenue Officer Pandher, answer questions, and produce specified documents. (Doc. No. 14).

(3) Despite the United States providing Respondent Rios additional time as requested to comply with the August 7, 2024 Order, Respondent Rios failed to appear, answer questions, produce documents and comply with the Order in any way. *See generally* docket; *see also* Doc. Nos. 17-1, ¶¶ 4-5; 17-2, ¶¶ 10-11);

(4) Despite having been served with Petitioner's Motion, Respondent failed to appear at the February 14, 2025 hearing on the Motion or otherwise respond to the Motion to Hold Respondent in Contempt (Doc. No. 17 at 6; *see also* Minutes from February 14, 2025 Motion Hearing, Doc. No. 18);

(5) Respondent Rios has provided no explanation for his noncompliance with August 7, 2024 Order (*see generally* docket).

Based on these facts, the undersigned recommends that Respondent Rios be held in civil contempt. Respondent Rios has failed to comply with the clear and definite August 7, 2024 Order commanding compliance with the IRS summons. Respondent Rios did not appear for the February 14,

7

2025 motion hearing. Nor did he file an opposition to Petitioner's Motion. Taking these facts into consideration, Petitioner has made a prima facie showing of civil contempt by Respondent Rios by clear and convincing evidence. Thus, the undersigned recommends that the district court order Respondent Rios to appear before it to show cause why he should not be adjudged in contempt by reason of these facts.

## IV.   SANCTIONS

Prior to sanctioning Respondent, Respondent Rios shall be afforded fourteen (14) days from the date of service of these Certification of Facts and Findings and Recommendations to fully comply with the IRS summons and the August 7, 2024 Order, or to show why compliance is impossible. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding . . . a [contemnor] may assert a present inability to comply with the order in question. While the court is bound by the enforcement order, it will not be blind to evidence that compliance is factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the [contemnor] has a burden of production." (internal citations omitted)).

If Respondent Rios fails to purge himself of contempt prior to the expiration of this fourteen (14) day period, the district court may impose coercive sanctions in terms of a per diem fine and/or imprisonment. In fashioning a sanction, the district court may consider that the IRS summons was served nearly three years ago, and this matter has been pending on this Court's overburdened docket for over a year. Petitioner was afforded multiple extensions and ample time to comply with the IRS summons and the August 7, 2024 Order.

The United States seeks a $300 daily fine on Respondent Rios, until he complies with the August 7, 2024 Order compelling his compliance with the IRS summons. (Doc. No. 17 at 4). Such a fine is reasonable. *See Bright*, 596 F.3d at 696 (holding "the district court's imposition of a $500 daily fine . . . was well within the range of appropriate sanctions to secure compliance with a tax summons."). Additionally, given Respondent Rios' repeated disregard for complying with August 7, 2024 Order and the IRS summons served nearly three years ago, and considering that his alleged tax liabilities exceed three million dollars, monetary sanctions alone will likely not have a coercive effect on Respondent

8

Rios. Therefore, incarceration may be the only effective means to coerce compliance with the Court's August 7, 2024 Order. *See Elmas*, 824 F.2d at 733 (holding the district court did not abuse its discretion by imposing a civil contempt sanction of incarceration until the non-complying party produced specified documents).

Accordingly, it is **ORDERED**:

1. Pursuant to the "purge" condition, Respondent Rios shall have fourteen (14) days from the date of service of these Certification of Facts and Findings and Recommendations to fully comply with the August 7, 2024 Order compelling his compliance with the IRS summons or file Objections and show by clear and convincing evidence why compliance is impossible.

2. Petitioner shall immediately inform the Court if Respondent Rios complies with the August 7, 2024 Order.

3. Absent further order of Court, Respondent Rios shall appear before the district court on **May 1, 2025 at 2:00 P.M.** before U.S. District Judge Nunley, Courtroom 2, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814 to SHOW CAUSE why he should not be held in contempt and why the district court should not impose sanctions, including a per diem fine and/or coercive confinement, for his failure to comply with the August 7, 2024 Order.

4. **Petitioner is directed to serve a copy of these Certification of Facts and Findings and Recommendations upon the Respondent Rios within five (5) from the date of these Findings and Recommendations and file proof of service with the Court**.

It is further **RECOMMENDED**:

If Respondent Rios fails to avail himself of the purge condition prior to the expiration of the fourteen (14) period that the district court GRANT the Motion (Doc. No. 17) and impose appropriate sanctions to include a per diem fine and/or coercive confinement until Respondent Rios complies with the IRS summons.

### NOTICE TO PARTIES

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals but are submitted to the United States District Judge assigned to this

case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     March 6, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE